S. AMANDA MARSHALL, OSB 95347
United States Attorney
**PAMALA R. HOLSINGER, OSB 892638**
Assistant United States Attorney
Pamala.Holsinger@usdoj.gov
SEAN HOAR, OSB 872544
Assistant United States Attorney
Sean.Hoar@usdoj.gov
KELLY A. ZUSMAN, OSB 891843
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone:  (503) 727-1000
Fax: (503) 727-1117
Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:11-CR-00121-MO |
| | ) | |
| v. | ) | GOVERNMENT'S LIMITED |
| | ) | MOTION FOR RECONSIDERATION |
| KYLE SCOTT BROADHURST, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

      The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, and Pamala R. Holsinger, Sean Hoar, and Kelly A. Zusman, Assistant United States Attorneys, presents its limited motion for reconsideration.

      For the purposes of this motion, the government accepts this Court's finding that the officers in this case violated the Fourth Amendment when they trespassed on defendant's front lawn prior to seeking a search warrant.  We also accept for the purposes of this motion, this Court's conclusion that the affidavit, purged of the taint, failed to meet the probable cause

standard on the four corners of the warrant. After making these findings, however, this Court rejected the government's good faith argument citing only *United States v. Wanless,* 882 F.2d 1459, 1466 (9th Cir. 1989). We urge this Court to reconsider this ruling in light of more recent decisions from the Supreme Court and the Ninth Circuit that have recognized that suppression should not automatically follow a court's finding of a Fourth Amendment violation. *Davis v. United* States, 131 S. Ct. 2419 (2011); *Herring v. United States*, 555 U.S. 135 (2009); *Hudson v. Michigan*, 547 U.S. 586 (2006); *United States v. Noster*, 590 F.3d 624, 633 n.13 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 2362 (2010). The purpose and flagrancy of the officer's conduct is a relevant factor in determining whether evidence should be suppressed. *United States v. Shetler*, 665 F.3d 1150, 1160 (9th Cir. 2011). As a consequence, this Court needs to take just one more step and decide whether, on balance, suppression is needed as a deterrent and whether that goal is outweighed by the substantial societal cost of letting an active distributor of child pornography – someone who attempted to deflect blame on his unwitting neighbors – go free.

Is a deterrent needed? The answer is no, for several reasons. First, this Court's ruling that the officers cannot enter defendant's curtilage to confirm or double-check the Shadow device readings without a warrant is unchallenged. Going forward, no agent or officer within the District of Oregon will be able to rely on good faith following a residential trespass in light of this Court's opinion. But as this Court recognized, the Shadow device is new, and as far as the government is aware, this case is the first in the country to test the Shadow's investigative use under the Fourth Amendment. And unlike most cases in which an officer's warrantless encroachment into the curtilage of a defendant's home is done for the purpose of peeking into a window, or sniffing for marijuana at the front door, the officers in this case entered the curtilage

**LIMITED MOTION FOR RECONSIDERATION**                                                    Page 2

simply to confirm the readings that they observed while still on the public walkway; that is, their intent was not to gather additional incriminating information against this defendant, but to make certain that they did not search the *wrong* house. Given the nature of the crime they were investigating, and their probable cause to believe that the suspect was hijacking his neighbors' internet service, these were genuine and reasonable concerns that lend themselves to application of the good faith doctrine.

Aside from their entry into the curtilage to confirm the Shadow's spike observed from the public walkway, the other misstep this Court identified involves the officer's failure to include information in the affidavit "on the relationship between signal strength and actual distance from the source of the signal." (Opinion at 19). Because the additional details developed during the hearing would have added to, rather than detracted from, probable cause, this factor also lends itself well to application of the good faith doctrine. Moreover, although this Court thought more detail about the device readings was needed to meet the probable cause standard – with the benefit of both hindsight and the additional information adduced at the hearing – the magistrate judge presented with the affidavit did not share those same concerns. If the magistrate should have asked additional questions or sought details about the significance of the readings prior to signing off on this warrant, that too is a factor favoring application of the good faith exception. That the officers also relied upon the advice of a DDA prior to presenting the warrant and application to the magistrate provides a solid basis for the good faith exception, and the absence of a compelling need for deterrence.

With the need for deterrence at its nadir given the facts and circumstances of this case, the balance that the Supreme Court now mandates weighs in favor of allowing the fruits of the

search to promote the fact-finding process at trial. The crime under investigation is significant. Defendant received and possessed over 4,000 images of child pornography, he actively distributed that pornography through his P2P file sharing, and he used sophisticated means to cover his tracks by diverting attention from his own computer to those of his innocent and unwitting neighbors. Defendant's use of such sophisticated, technical means to cover his crimes and to attempt place blame on others should not be rewarded with a suppression order that will effectively preclude this prosecution from moving forward. By contrast, the failures and deficiencies that this Court has identified on the part of the investigating officers represent, at best, mere negligence given the newness of the technology. Negligence cannot support a suppression order. Because the Supreme Court has emphatically held that only reckless, flagrant, deliberate or grossly negligent misconduct should justify suppression, *Davis*, 131 S. Ct. at 2427, this Court should reconsider the remedy ordered, and deny defendant's motion to suppress.

DATED this 5th day of December 2012.

    Respectfully submitted,

    S. AMANDA MARSHALL
    United States Attorney

    *s/Pamala R. Holsinger*
    PAMALA R. HOLSINGER
    Assistant United States Attorney

    *s/Sean B. Hoar*
    SEAN B. HOAR
    Assistant United States Attorney

    *s/Kelly A. Zusman*
    KELLY A. ZUSMAN
    Assistant United States Attorney